# 98 DTA 221

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL II**

EL PUEBLO DE PUERTO RICO
Apelado

v.

ABIGAIL ROCHE GUAL
Apelante

Núm. KLAN-97-00399

San Juan, Puerto Rico, a 18 de agosto de 1998

Panel integrado por su Presidente, Juez Ortiz González Rivera,
el Juez Carrión y la Jueza Hernández Torres

González Rivera, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La señora Abigaíl Roche Gual fue acusada por violación a la sección 5-201 de la Ley de Vehículos y Tránsito Núm. 141 de 20 de junio de 1960, 9 L.P.R.A. 1041 *et seq.* Se le impuso el pago de una multa de $250.00 dólares más las costas del proceso. Mediante recurso de apelación recurrió ante nos para que revisemos la sentencia que le fue impuesta el 24 de marzo de 1997 por el Tribunal de Primera Instancia, Sala Superior de Guayama.

Como único error alega en su recurso lo siguiente:

*"Erró el Honorable Tribunal de Instancia al encontrar culpable a la apelante por el delito de violación a la sección 5-201 de la Ley 141 de Tránsito de Puerto Rico, a pesar que el Ministerio Público no probó su caso más allá de duda razonable, con el agravante de que una inspección ocular en el lugar donde ocurrió el accidente sostuvo la alegación de la apelante y refutó la de la alegada víctima en este caso."*

## I

El error imputado por la señora Roche revela el conflicto en la prueba que tuvo que ser dirimido por el foro recurrido. Por un lado, el Ministerio Público presentó prueba mediante fotografías y los testimonios del señor Héctor Alvarado, su esposa Shirley Miranda y el Policía Francisco Doelter para demostrar que la apelante conducía su vehículo de motor marca Ford Modelo de 1994 en dirección de oeste a este por la carretera Número 3 jurisdicción de Guayama. Que al llegar a la intersección con la carretera 713, ésta hizo un viraje hacia la izquierda, sin ceder el paso al señor Alvarado, el cual transitaba en su vehículo Toyota modelo 1984 en dirección contraria.

El señor Alvarado manifestó durante su testimonio que al llegar a la intersección en cuestión súbitamente apareció el auto manejado por la señora Roche, el cual se barrió sobre el pavimento y se detuvo en su carril provocando el accidente que es objeto de esta acción. Como resultado del accidente su auto sufrió daños en la parte delantera del mismo.

Durante su testimonio, la esposa del señor Alvarado, señora Shirley Miranda incurrió en contradicciones respecto a la forma en que el auto de la señora Roche impactó el auto que manejaba su esposo. No fue claro su testimonio sobre si la señora Roche impactó el auto de su esposo o, por el contrario, si su esposo impactó a la señora Roche estando ésta detenida en la intersección.

El testimonio del Policía Doelter se limitó a explicar sobre la investigación que realizó del accidente y la forma en que encontró los vehículos a su arribo al lugar. Expuso los detalles de la intersección y de sus símbolos de tránsito y como funcionan éstos.

Por otro lado, la señora Roche declaró en su defensa que ya ella había completado su viraje, estando la luz verde del semáforo a su favor, en el momento en que ocurre el accidente. Que previamente había visto el auto del señor Alvarado aproximarse, pero como ya ella había completado su viraje éste tenía la luz roja del semáforo en contra, lo que le obligaba a parar para evitar impactar su auto.

El señor Félix A. González fue presentado como testigo de la defensa. Expresó que el día y a la hora del accidente se realizaban trabajos de instalación de tuberías en la carretera número tres (3). En el momento del accidente él se encontraba dirigiendo el tránsito para poder realizar los trabajos. Que pudo observar como ocurrió el accidente. Atestó que un compañero le había dado el alto a la señora Roche; que luego la dejó pasar y que al ella hacer el viraje hacia la izquierda tenía la luz verde a su favor. Que en ese momento la luz estaba roja para el señor Alvarado. Que al éste no detenerse ante la luz impactó el vehículo de la señora Roche por el lado derecho.

La defensa de la señora Roche, según se desprende de la minuta del 26 de noviembre de 1996, presentó como identificación una serie de fotografías las cuales fueron marcadas como tales por el

tribunal. La parte apelante no ha podido ilustrar a este tribunal sobre si esas fotografías fueron admitidas finalmente en evidencia. Sin embargo, el grupo de fotografías que presentó el fiscal fueron estipuladas y admitidas en evidencia. Fueron marcadas en bloque como exhibit número 1. Los autos no son claros en cuanto al número de fotografías que presentó cada parte.

El 31 de enero de 1997, el foro recurrido realizó una inspección ocular a petición del abogado defensor. En el acta levantada por la magistrada que presidió los procedimientos certificó que cuando la luz verde con flecha que está ubicada en el semáforo de Salinas a Guayama prende, inmediatamente se pone en rojo la del lado de Guayama a Salinas y cuando dicha flecha se apaga, se pone en verde los dos lados.

## II

Ciertamente la prueba que tuvo ante sí el tribunal sentenciador fue una altamente conflictiva. Dicho foro cumplió con su deber de aquilatar la prueba que tuvo ante sí y determinó la culpabilidad de la apelante. El Tribunal Supremo ha expresado que corresponde al juzgador aquilatar la credibilidad de los testigos. Este se encuentra en mejor posición que un tribunal apelativo para aquilatar la prueba testifical porque pudo observar la manera en que los testigos se expresaron y su comportamiento en la silla testifical. La regla de deferencia de un tribunal apelativo hacia los juzgadores de instancia cobra mayor significado en casos en que la forma de hablar, comportamiento, explicaciones, gestos, ademanes y demás detalles perceptibles resultan esenciales para aquilatar adecuadamente la sinceridad de los testimonios. *Pueblo v. Chévere,* 139 D.P.R. ___ (1995), **95 J.T.S. 115**, resuelto el 22 de agosto de 1995. En el caso de autos, sin embargo, procede que intervengamos con el fallo condenatorio, ya que existen circunstancias extraordinarias que lo justifican.

## III

Al examinar el recurso de apelación interpuesto nos percatamos que de la exposición narrativa estipulada por las partes se desprendía que en el acto del juicio las partes utilizaron unas fotografías para interrogar a los testigos. Estas no fueron elevadas ante este Tribunal conjuntamente con los autos originales del caso. Mediante resolución del 13 de abril de 1998 este Tribunal ordenó a la Secretaría de Primera Instancia elevar las fotografías y cualquier otra pieza de evidencia que estuviera en su poder en relación a este caso.

El 21 de abril de 1998 dicha funcionaria nos informó mediante carta ■ que luego de una búsqueda exhaustiva en el cuarto de evidencia de la Secretaría, las referidas fotografías aunque fueron presentadas en sala no pudieron ser encontradas, por esa razón se vio impedida de elevar las mismas con los autos originales.

El 29 de mayo de 1998 solicitamos a las partes que nos ilustraran en ausencia de estas fotos y cómo la misma afectaba la función revisora de este Tribunal. Habiendo cumplida ambas partes nos encontramos en posición de resolver.

## IV

En cuanto se refiere a la apreciación de prueba documental un Tribunal Apelativo se encuentra en las mismas condiciones que un Tribunal sentenciador al evaluar ésta. *Torres Arzola v. Policía de Puerto Rico,* 117 D.P.R. 213 (1986). *Central Igualdad Inc. v. Secretario de Hacienda,* 83 D.P.R. 45 (1961). Por ende, estamos en libertad de adoptar nuestro propio criterio sobre la misma. *Díaz García v. Aponte Aponte,* 125 D.P.R. 1 (1989); *Ramos Robles v. García Vicario,* **93 J.T.S. 167,** resuelto el 20 de diciembre de 1993.

Por razones desconocidas, dicha prueba, la única evidencia documental que fue presentada por las partes, se ha extraviado, así lo hemos concluido de la carta suscrita por la Secretaria General del foro recurrido. Ello afecta la función revisora de este Tribunal en este caso.

Según se desprende de la exposición narrativa de la prueba, todas las fotografías fueron tomadas con exactitud y fueron presentadas en evidencia con el fin de corroborar las versiones de los testigos sobre la forma en que quedaron los automóviles luego que fueron impactados. Examinada cuidadosamente la totalidad de los testimonios presentados ante el foro recurrido, no albergamos duda que la apreciación de las fotografías tuvo un impacto fundamental sobre la determinación de

culpabilidad de la señora Roche.

La ausencia de las fotografías, a nivel apelativo, por razones no imputables a la apelante, nos impide apreciar en igualdad de condiciones con el foro recurrido la totalidad de la prueba que dicho foro tuvo ante sí. Ello se traduce en una duda razonable que beneficia a la apelante.

En vista de la conclusión anterior a la que hemos llegado, se revoca la sentencia apelada y en su consecuencia se absuelve a la apelante Abigaíl Roche Gual.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIO 98 DTA 221

**1.** *"21 de mayo de 1998*

*Lic. Aida I. Oquendo Graulau*
*Secretaria General Tribunal de Circuito de Apelaciones*
*PO Box 191067 San Juan PR 00919-1067*

*RE: ABIGAIL ROCHE GUAL*
*Núm. KLAN-97-00399 (T96-1518)*

*Estimada licenciada Oquendo:*

*En contestación a la Resolución de fecha 13 de abril de 1998 con relación al caso de epígrafe, deseo informarle que las fotos a las cuales se hace referencia no fueron entregadas a esta servidora, ya que éstas se unen al expediente cuando se presentan.*

*Luego de una búsqueda exhaustiva en el cuarto de evidencia de la secretaría (verificada una por una de las evidencias en la caja fuerte), certifico que aunque se menciona que las fotografías fueron presentadas en Sala, las mismas no fueron entregadas a la Secretaría del Centro; razón por la cual no se hicieron formar parte cuando se elevaron los autos originales del caso.*

*Sin otro particular al respecto.*

*Cordialmente,*

*Edna Ramos Ortiz*
*Secretaria del Centro"*